## Eberbach Trust

*Thomas J. Timoney* and *Ralph C. Busser, Jr.*, for accountants.

*William B. Koch* and *Joseph K. Coxe*, for claimant.

*Victor J. Roberts*, guardian and trustee ad litem.

TAXIS, P. J., December 15, 1966.—. . . Decedent died in 1944, and created the present trust in para-

graphs 5 through 7 of his will. The reason or purpose for the filing of the account is because of the death of testator's daughter, Margaret E. Castello Ellis, the life tenant, on September 20, 1965.

An apportionment problem has been submitted for disposition. The trust originally held 114 shares of the Insurance Company of North America. By resolution dated April 12, 1960, that company declared a ". . . stock dividend of 100% on the capital stock ($5 par value) of this company. . . ." At the same time, it was further resolved that ". . . the outstanding capital of the Company be increased by transferring from surplus to capital an amount equivalent to $5 per share for each share issued; . . ." Accordingly, an additional 114 shares were received by the trustees.

Paragraph 12 of decedent's will reads as follows:

"12. All dividends on stock of corporations held by my estate, extraordinary and ordinary, whether paid in cash or stock, except dividends designated by the corporation as liquidating dividends, and all right to subscribe to the stock of such corporations shall be distributed as income".

Trustees have carried the dividend shares in principal on the grounds that the transaction in question was not a stock dividend in the ordinary sense of that expression, but was rather a "stock-split", so that the above quoted testamentary language does not apply. The estate of Margaret E. Castello Ellis, however, objects to this treatment and claims the 114 shares constituting the dividends as income.

Victor J. Roberts, Esq., was appointed guardian ad litem for John Allan Bond and Elizabeth Ann Bond, minor great-grandchildren of testator, and trustee ad litem for issue now unborn or interests otherwise unascertained. Mr. Roberts has filed a helpful report in which he joins the trustees in their position that the dividend shares should be retained in principal. It is

the opinion of the court, however, that the matter is ruled by the same considerations as was Fitler Estate, 39 D. & C. 2d 337, 86 Montg. 288, and that the shares in question are income.

In both Fitler Estate and the present case, the stock dividends were precisely 100 percent. The testamentary language was essentially identical, inasmuch as in both, extraordinary dividends, however payable, were specifically given to income. Nor was there any specific mention in either of stock "splits", as contrasted to stock "dividends". The guardian and trustee ad litem argues skillfully that Fitler does not rule, since the contention made here, namely, that the transaction is not a stock dividend at all, was never advanced in that case. But this asks too much of testator. It is difficult to perceive how he could have been more explicit in his language than he was, short of actually foreseeing the problem which has now arisen, and affirmatively disposing of stock "splits". His intention, as set forth in paragraph 12, is clearly that all distributions of stock, except those *designated* as liquidating by the corporation, are income. Moreover, "extraordinary" stock dividends are expressly included, so that there is little room for the contention that the present dividend is not included in the language used.

The guardian and trustee ad litem demonstrated in his report that the source of funds transferred to capital at the time the dividend was declared could not be precisely determined, because the company kept no segregated surplus accounts; arithmetically, the funds came from capital gains in the portfolio and paid-in surplus as well as from accumulated earnings. However, since the amount of stated capital was increased by the amount necessary to cover the dividend, the transaction is at least closer to a stock dividend than a true split. See Pew Trust, 398 Pa. 523, 529; 8 Fiduc. Rep. 241.

The guardian and trustee ad litem also cites R. Stuyvesant Pierrepont Trust, reported in the New York Law Journal, April 16, 1964, page 15, in which Insurance Company of North America shares, distributed in the same dividend here under consideration, were awarded to principal. In that case, however, the trust instrument made no mention of the disposition of stocks, stock dividends or stock splits, so that the court was there concerned with apportionment under the law and not the trust instrument. Therefore, the 114 shares of the Insurance Company of North America received as a 100 percent stock dividend are awarded to income. . . .